# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                                       CRIMINAL ACTION NO. 5:18-cr-00068

RONALD COLLINS,

          Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendant's Motion in Limine to Exclude Other Bad Acts Evidence at Trial* (Document 50), the *Memorandum of Law in Support* (Document 51), and the *Response of the United States to Defendant's Pre-Trial Motions* (Document 58). The Court has also reviewed the United States' *Motions in Limine* (Documents 59 and 60), wherein the United States seeks to exclude reference to any of the Defendant's previous state court proceedings in Raleigh County, West Virginia, and to exclude any reference to the Defendant's military history or treatment at the Veteran's Administration Hospital, the *Defendant's Response to the Government's Two Motions in Limine* (Document 66), and the United States' *Supplemental Response to Defendant's Pretrial Motions* (Document 79). Finally, the Court has reviewed the *Defendant's Motion in Limine* (Document 87), wherein the Defendant moves the Court to take judicial notice of certain factual stipulations between the United States and the Defendant.

1

On April 3, 2018, Ronald Collins was indicted on two counts. Count One of the indictment charges Mr. Collins with making a false written statement on ATF Form 4473 intended to deceive a federally-licensed firearms dealer in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). Count Two of the indictment charges Mr. Collins with the illegal possession of a weapon after having been adjudicated a mental defective and being committed to a mental institution in violation of 18 U.S.C. §§ 922(g)(4) and 924(a)(2).

### A. *Defendant's Motion to Exclude 404(b) Evidence*

The Defendant argues that the United States may attempt to introduce a myriad of bad acts evidence and moves the Court to exclude such evidence from the jury. Rule 404(b) of the Federal Rules of Evidence provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The rule further states that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* at 404(b)(2). "Rule 404(b) only applies, however, to evidence relating to acts extrinsic to the conduct being prosecuted. Evidence intrinsic to the story of the crime does not fall under Rule 404(b)'s prohibition." *United States v. Cooper*, 482 F.3d 658, 663 (4th Cir. 2007) (citing *United States v. Lipford*, 203 F.3d 259, 268 (4th Cir. 2000)). In order for extrinsic evidence to be admissible under Rule 404(b), it must be (1) relevant to an issue other than the defendant's character, (2) probative of an essential element of the crime for which the defendant is charged, (3) reliable, and (4) admissible under Rule 403 such that its probative value is not substantially outweighed by the danger of confusion or unfair prejudice to the jury. *See*, *United States v. McBride*, 676 F.3d 385,

395 (4th Cir. 2012). With this standard in mind, he Court will address each type of bad act evidence.

### 1. *YouTube Videos*

The Defendant first argues that six specific videos posted to the Defendant's YouTube account by the Defendant should be excluded from evidence or redacted if admitted under Rule 404(b). Video One is one minute and one second in length and was posted on YouTube January 11, 2018, the same day the charge in Count Two occurred. The video shows the Defendant talking about going to the gun store to purchase the firearm in question. The Defendant argues that if Video One is shown, the first twelve seconds should be redacted to remove irrelevant and prejudicial statements that should be excluded. Similarly, the Defendant seeks to have the last eleven seconds of Video Two redacted, asserting that that portion is irrelevant to the elements the United States must prove, and is prejudicial. The Defendant seeks to have Videos Three, Four, Five, and Six excluded in their entirety, arguing they are not relevant and amount to cumulative evidence that would be unfairly prejudicial.

The United States concedes that it does not intend to offer Video Three and Video Six into evidence. However, it does intend to offer Videos One, Two, Four, and Five in their entirety. The United States argues that these videos are relevant to both counts of the indictment in that they show that the Defendant purchased and possessed the firearm in question. It further argues that the portions the Defendant seeks to redact are not unfairly prejudicial.

Because the United States has conceded that it does not intend to introduce Videos Three and Six, the Court finds that the Defendant's motion regarding those two videos should be granted and Videos Three and Six should be excluded. According to its discovery disclosures and the

videos themselves, the United States intends to introduce Videos One, Two, Four, and Five to show that the Defendant intended to purchase the firearm in question, that he made statements about purchasing the firearm, and that he did indeed purchase and possess the firearm. Thus, these videos are evidence intrinsic to the crime that does not fall within the purview of Rule 404(b).

After careful review of the videos, the Court finds that limited redactions are appropriate and necessary to prevent introduction of irrelevant and unduly prejudicial material, based on the findings explained below. Thus, the Defendant's motion regarding the videos will be granted in part and denied in part.

A. **Video One**: With respect to Video One, the Court finds that the portion of the video in which the Defendant references "taking care of business in the back streets" to be irrelevant and unduly prejudicial. That portion of the video could be construed as stating an intent to harm someone with the gun, which is both prejudicial to the Defendant and irrelevant to the elements of the charged offenses. The Court finds the remainder of the video to be admissible evidence related to the element of possession necessary to prove the allegations contained in the indictment. The probative value of the remainder of the video is not outweighed by any potential for prejudice.

B. **Video Two**: The Court finds that the portion of Video Two wherein the Defendant states "all my haters who are stalking me, that's right, I bought a gun" could be construed as a threat. Any probative value of that portion of the video is substantially outweighed by the risk of unfair prejudice to the Defendant. The remainder of Video Two contains relevant and admissible evidence.

C. **Video Four**: The Court finds that the portions of the video in which the Defendant states that he test fired the weapon and shows the gun strapped to his leg to be admissible and relevant to the questions of possession and operability of the firearm. However, the remainder of the video is irrelevant and unduly prejudicial to the Defendant and should be excluded.

D. **Video Five**: Video Five depicts the Defendant shooting the gun. The Court finds that content to be admissible as it is relevant to the issues of possession and operability of the firearm. However, the video contains statements referencing a "human" or "human-sized" target, which the court finds to be unduly prejudicial and without probative value to the elements the Government is required to prove, and which should be excluded.

2. *Pleadings in the Defendant's Pro Se Civil Rights Action*

The Defendant argues that any of the pleadings filed in his federal civil rights action against the Raleigh County Prosecuting Attorney should be excluded. The Defendant argues that these pleadings and responses are not relevant to the elements of proof in Counts One or Two, and any reference to what the Defendant alleges as a vast conspiracy against him would be prejudicial. The United States counters that it seeks only to admit the Defendant's *pro se* complaint in order to prove that the Defendant knew he had been previously involuntarily committed to Sharpe Hospital. The United States contends that this evidence is relevant to prove the Defendant's knowledge that his statements on the ATF form reflecting that he had never been committed to a mental institution were, in fact, false.

To the extent that the United States only seeks to admit the Defendant's *pro se* complaint, the Court finds that the Defendant's motion should be denied in part and granted in part.[1] The Defendant's admission that he was committed to Sharpe Hospital is relevant pursuant to Rule 401 and goes to prove the elements of Counts One and Two, specifically that he knew that he had been committed to a mental institution, but falsely stated on the ATF form that he had not. The probative value is not substantially outweighed by the risk of unfair prejudice.[2] However, the complaint also references the state charges filed against the Defendant, which, as discussed below, the parties agree should be excluded. Other sections of the civil complaint do not appear to be relevant to this proceeding and may be prejudicial and/or confusing to the jury. Therefore, the Court finds that the Defendant's motion should be granted to the extent the United States seeks to introduce portions of documents from the civil suit that address issues other than the Defendant's commitment to a mental institution and knowledge thereof.

### 3. Defendant's Blog Posts

The Defendant next seeks to exclude from evidence any of the posts made to his online blog site, arguing that they are irrelevant and would be unfairly prejudicial. The United States concedes that it does not wish to offer any of the YouTube posts outside of the four referenced above, and further concedes that it does not intend to admit any of the postings from the Defendant's online blog. Therefore, given the United States' concession, the Court finds that this portion of the Defendant's motion should be granted, and the blog posts excluded.

---

[1] If the United States wishes to introduce any other material from the Defendant's civil suit, it should approach the bench prior to discussing the material.
[2] Should the Defendant believe that the manner in which the civil complaint is introduced risks confusing the jury, he may propose a limiting instruction.

*4. Details of State Criminal Charges Brought Against the Defendant*

The Defendant also seeks to exclude from evidence any of the details concerning the criminal charges brought against him in state court prior to this action. The Defendant argues that the United States should not be permitted to introduce any of the details concerning state charges outside of the language of the state court order committing the Defendant to Sharpe Hospital. The United States concedes this matter, and itself moves the Court to exclude evidence related to the details or disposition of any state criminal proceedings against the Defendant in Raleigh County. The United States posits that it intends to prove the Defendant was involuntarily committed to a mental institution through the use of his *pro se* complaint, as described above, and therefore does not intend to offer as evidence any details of the state court charges filed against the Defendant. The Court finds that the motion to exclude this evidence should be granted. Pursuant to this finding, and the Court's holding in its *Memorandum Opinion and Order* (Document 88) adopting the PF&R and denying the Defendant's motion to dismiss the indictment, the Court further finds that the Defendant is excluded from offering evidence that his Second Amendment right to possess a firearm was restored in light of his release from Sharpe Hospital and return to competence. As the Court held in its opinion denying the motion to dismiss, it is undisputed that the Defendant was committed to Sharpe Hospital. What he thought after his release regarding his Second Amendment rights is not relevant to his committal to a mental institution and whether he lied about that committal on an ATF form. Therefore, this portion of the Defendant's motion should be granted, and evidence of prior state criminal charges and proceedings brought against the Defendant should be excluded.

*5. Police Officer Emails and Officer Safety Bulletin*

Next, the Defendant seeks to exclude emails sent to the Beckley Police Department from concerned citizens, and an undated "Officer Safety Bulletin" prepared by the Beckley Police Department. The Defendant argues that this evidence regarding a public safety concern is irrelevant to the two counts the United States must prove, and that it is unfairly prejudicial. The United States concedes that it does not intend to offer as evidence the law enforcement emails from concerned citizens, nor the officer safety bulletin. Therefore, to the extent the Government concedes it will not offer this evidence, the Defendant's motion should be granted. The United States does assert that it intends to offer law enforcement testimony regarding the Defendant's possession of the firearm in question, however. To the extent that evidence falls outside of the purview of this motion and constitutes relevant evidence under Rule 401, it should be permitted.

B. *Judicial Notice of Factual Stipulations*

Lastly, the Defendant moves the Court to take judicial notice of certain factual stipulations between him and the United States. The Defendant argues that the United States offered to enter into two factual stipulations with the Defendant, to which the Defendant agreed, in order to save time at trial. Subsequently, after signing both of those stipulations, the United States informed the Defendant that it did not intend to enter into a stipulation regarding the functionality of the firearm because it wanted to use one of the Defendant's YouTube videos in which the Defendant fires the gun to prove that element. The Defendant moves the Court to take judicial notice of that stipulation, as it was already agreed to by the United States, although the attached stipulation is signed only by the Defendant and his counsel. The United States has not responded to the motion.

The Court would be remiss in failing to note that stipulations made by parties should not be lightly disregarded. However, the United States has not signed the stipulation. The United States bears the burden of proof and is generally entitled to introduce admissible evidence to meet its burden in the manner it chooses. Therefore, the Court finds the motion requesting the Court to take judicial notice of the unsigned stipulation should be denied.

### C. *United States' Motions in Limine*

The United States also filed two motions *in limine*. First, it seeks to exclude the Defendant from offering evidence referencing criminal charges brought against the Defendant in the Circuit Court of Raleigh County. Because the Court has previously addressed and granted this motion above, however, it need not do so again. Second, the United States seeks to exclude any evidence of the Defendant's military history or treatment at the Veteran's Administration Hospital. The Defendant concedes that he does not intend to offer any direct testimony regarding his military service or any medical or psychological treatment he received from the Veteran's Administration Hospital. However, the Defendant does contend that should he decide to testify at trial, he should be permitted to answer general questions regarding his military background. He further argues that, to the extent the United States is permitted to show Video Five referenced above, the Defendant should be allowed to explain the types of firearms training and experience he received from the military.

Given the parties' agreement, the Court finds that the United States' motion should be granted regarding the Defendant's treatment at the Veteran's Administration Hospital, and that evidence should be excluded. As to evidence regarding the Defendant's military service, the Court finds that the motion should be granted. The Defendant's military service and training is

irrelevant in determining whether he made a false statement on an ATF Form 4473, as is any testimony regarding the appropriate safety measures taken before firing a weapon. To the extent the Defendant testifies during trial and is asked general questions regarding his military service, to provide the jury with information regarding the Defendant's background, the Court will address those questions during trial if necessary.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant's Motion in Limine to Exclude Other Bad Acts Evidence at Trial* (Document 50) be **GRANTED** in part and **DENIED** in part as more specifically described above. The Court further **ORDERS** that the United States' *Motions in Limine* (Documents 59 and 60) be **GRANTED** to the extent detailed above, and that the *Defendant's Motion in Limine* (Document 87) regarding judicial notice be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: September 26, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA