# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    CRIMINAL ACTION NO. 5:18-cr-00068

RONALD COLLINS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Defendant's *Motion for Judgment of Acquittal* (Document 141) and *Motion for a New Trial* (Document 142), and the United States' *Amended Response to Defendant's Motions for New Trial and Acquittal* (Document 144). For the reasons stated herein, the Court finds that the motions should be denied.

In an indictment returned on April 3, 2018, the Defendant was charged with knowingly making a false and fictitious statement on a federal firearms form intended to deceive a federally-licensed firearms dealer in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), and with illegal possession of a firearm after having been involuntarily committed to a psychiatric hospital, in violation of 18 U.S.C. §§ 922(g)(4) and 924(a)(2).

Trial was scheduled for March 11, 2019, following continuances to permit a competency evaluation and to accommodate a change in counsel. On March 3, 2019, the Defendant filed a motion to continue trial or to permit evidence of mens rea. He cited *Rehaif v. United States*, No. 17-9560, then scheduled to be argued before the United States Supreme Court on April 14, 2019,

to suggest that the law relevant to Count Two could change to include a requirement that the United States prove that he knew of his unlawful status at the time he possessed the firearm. The Court denied the motion to continue or to permit otherwise irrelevant evidence at trial, finding that "the issue of whether Mr. Collins knew he had been adjudicated as a mental defective or committed to a mental institution, to the extent it is disputed, is relevant to Count One, [and] evidence related to that issue will, of course, be permitted at trial." (Order at 2, Document 120.) The Court refused to permit evidence or argument regarding alleged due process violations during the Defendant's involuntary committal.

Following a two-day jury trial on March 11 and 12, 2019, the Defendant was convicted of both counts. The evidence, in short, was that he was involuntarily committed to a mental hospital on April 10, 2014. He filed a civil lawsuit contending that his commitment violated the Constitution and admitted that he was aware that he had been committed. He purchased a firearm from a licensed firearms dealer, after completing a form in which he indicated he had not been involuntarily committed to a mental institution.

The Court instructed the jury, as relevant, that the United States must prove the following elements as to Count One:

> **FIRST:** That on or about January 6, 2018, in connection with the acquisition of a firearm from a licensed firearms dealer, the Defendant made written statements with respect to information required to be kept in the records of a federally licensed firearms dealer as evidenced by the Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473;
> **SECOND:** That the written statement indicating that the Defendant has never been committed to a mental institution was false;
> **THIRD:** That the Defendant knew such statement was false at the time it was given; and

**FOURTH:** That the false statement was intended or likely to deceive the dealer with respect to any fact material to the lawfulness of the sale of the firearm.

(Jury Charge at 15-16, Document 126.) The Court further explained the second and third elements, including the knowledge requirement, as follows:

> The second element the United States must prove beyond a reasonable doubt is that the statement that the Defendant had never been committed to a mental institution was false.
> If you are satisfied that the statement was true, or if you have a reasonable doubt that it was false, then it is your duty to acquit. However, if you are satisfied beyond a reasonable doubt that the statement was false, you must consider the remaining elements of the crime.
> The third element the United States must prove beyond a reasonable doubt is that the false statement was knowingly made.
> An act is done knowingly if it is made voluntarily and purposely and not because of mistake, accident, mere negligence or other innocent reason. Whether the Defendant acted knowingly may be proven by the Defendant's conduct and by all of the facts and circumstances surrounding the case. You need not find that the Defendant knew he was breaking the law, you need only find that he knew his statement to be false.
> If you find that the Defendant was acting on a reasonable and honest belief in the truth of a false and fictitious statement that was made on the ATF Form 4473, then you must find the Government has not proven that the false statement was knowingly made. You need not find that the Defendant knew he was breaking the law, you need only find that he knew his statement to be false.

(*Id*. at 17-18.)

The Court's instruction as to Count Two informed the jury of the following elements:

> **FIRST:** The defendant had been committed to a mental institution, that is, on or about April 10, 2014, in the Circuit Court of Raleigh County, defendant was found to be incompetent to stand trial and was involuntarily committed to the William R. Sharpe Hospital for inpatient psychiatric evaluation in Case Number 14-F-13-B;

3

> **SECOND:** The defendant thereafter knowingly possessed a firearm; and
> **THIRD:** The firearm had previously been shipped or transported in interstate commerce.

(*Id.* at 20.)

The Defendant now seeks a judgment of acquittal and a new trial as to both counts based on the Court's refusal to permit him to "explain to the jury his reasons for filling out the ATF Form 4473 the way he did." (Mot. for Acquittal at 2.) The United States argues that the motion is untimely because it was filed more than fourteen days after the verdict.[1] Even if it were timely, the United States contends that the evidence that the Defendant knew he had been involuntarily committed to a mental institution was uncontested, and that *Rehaif* does not open the door to the Defendant's asserted misunderstanding of the law.

In *Rehaif v. United States*, the Supreme Court held, contrary to previously applicable Circuit precedent, that offenses under 18 U.S.C. § 922(g) require that the United States "show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. 2191, 2194 (2019). In *Rehaif*, the defendant was a citizen of the United Arab Emirates who had entered the United States on a student visa. After being dismissed as a student, he used a firearm at a firing range, and was prosecuted under 18 U.S.C. §922(g) as an alien illegally or unlawfully in the United States. The Supreme Court found that a jury instruction stating that the United States did not need to show that the defendant was aware of his unlawful immigration status was erroneous. The Court reiterated that "the Government must

---

1 Because the motion was filed shortly after the *Rehaif* decision was issued, prior to sentencing, and involves an issue the Defendant preserved, the Court finds consideration of the motions on the merits to be appropriate.

4

prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.[2]

The Defendant herein does not contest that he knew he had been committed to a mental institution. Furthermore, the Defendant was charged with violating 18 U.S.C. § 922(a)(6) and § 924(a)(2) for knowingly making a false statement on the ATF form, as well as with the § 922(g) offense. The jury was instructed that, to convict as to Count One, it must find that the Defendant knew he had been committed to a mental institution at the time that he filled out the ATF form falsely stating that he had not. Thus, the jury found the knowledge element newly applicable to Count Two as a result of *Rehaif*—the Defendant knew of his status as a person who had been committed to a mental institution. As the Court found prior to trial, the scope of admissible evidence in this case was not altered by *Rehaif*. The Defendant's challenges to the constitutionality of his involuntary commitment and his asserted mistaken understanding of the strictures of § 922(g) are not relevant to the issue of whether he knew of his status as a person who had been committed to a mental institution.

---

2 The Supreme Court discussed an argument that the defendant's asserted lack of knowledge of his illegal status constituted a mistake of law. The Court distinguished between an impermissible claim of lack of awareness of "the existence of a statute proscribing [the] conduct" and a generally permissible claim of "a mistaken impression concerning the legal effect of some collateral matter [which] results in [a] misunderstanding [of] the full significance of [the] conduct." *Rehaif v. United States*, 139 S. Ct. 2191, 2198 (2019) (quoting 1 W. LaFave & A. Scott, Substantive Criminal Law § 5.1(a), p. 575 (1986)). In *Rehaif*, the defendant contended that he was not aware of his unlawful immigration status, and thus could not have knowingly violated each element of § 922(g) and § 924(a)(1). The Defendant herein was aware of his status as a person who had been committed to a mental institution, as admitted and found by the jury. His asserted belief that he was nonetheless permitted to possess a firearm constitutes an impermissible claim of lack of awareness of the existence of a statute proscribing his conduct, rather than the permissible mistake as to the legal effect of a collateral matter.
5

Accordingly, after careful consideration, for the reasons stated herein, the Court **ORDERS** that the Defendant's *Motion for Judgment of Acquittal* (Document 141) and *Motion for a New Trial* (Document 142) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: July 30, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA